UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MALIK NASIR,<br><br>                Plaintiff,<br><br>v.<br><br>U-HAUL OF MAPLE SHADE,<br><br>                Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-2438 (KMW-MJS)<br><br>MEMORANDUM OPINION AND ORDER |

THIS MATTER comes before the Court by way of Plaintiff Malik Nasir's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") pursuant to 28 U.S.C. § 1915(a)(1); and

THE COURT NOTING that, having reviewed Plaintiff's IFP Application, Plaintiff declares that he has no income or expenses. IFP Application ¶¶ 1, 8. Plaintiff asserts that he does not have other liquid assets, nor does he have a spouse to contribute income or share in expenses and has a dependent. *Id.* Plaintiff further avers that he was last employed in 2023 and currently lives in a "federal halfway house," and is on probation, impacting his ability to pay for the costs of proceedings. IFP Application ¶ 11.

WHEREAS, the Third Circuit has held that an application to proceed without paying filiing fees is "based on a showing of indigence," *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006) (citation omitted); and

THE COURT FINDING that Plaintiff has made a sufficient showing of indigency, the Court grants the IFP Application and will proceed to screen Plaintiff's Complaint pursuant to 28

U.S.C. §1915(e)(2)(B). Pursuant to this provision, the Court must dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Complaint is dismissed for failing to establish jurisdiction.

WHEREAS, Federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEILife, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). If a federal district court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). To establish jurisdiction, a pleading must either present a federal claim or trigger the court's diversity jurisdiction. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 (3d Cir. Feb. 16, 2024). To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *Id.* at *1 n.2. To assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a citizen of a different state than each plaintiff), with the amount in controversy being over $75,000.00. *Id.*

WHEREAS, to determine a corporate party's citizenship in this civil action, the state of incorporation and its principal place of business must be identified, *see* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"); *S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (explaining that "[i]n order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business," and affirming dismissal of

complaint alleging that corporation maintained "a principal place of business," rather than "its principal place of business"); and

WHEREAS, to determine the citizenship of a limited liability corporation ("LLC"), a plaintiff must assert the citizenship of each member of the LLC, *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015); and

WHEREAS, to determine an individual's citizenship, a plaintiff must assert the individual's domicile. "[T]he domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Vlandis v. Kline*, 412 U.S. 441, 454 (1973). When determining an individual's domicile, a court can consider several factors, including declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business, the location of brokerage and bank accounts, the location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration. *See McCann v. George W. Newman Irrevocable Trust*, 458, F.3d 281, 286 (3d Cir. 2006).

Here, Plaintiff lists his citizenship as "Delaware," but does not describe that he is domiciled there, and that Defendant U-Haul of Maple Shade is a citizen of New Jersey. However, Plaintiff's Complaint asserts that he rented the U-Haul truck from Fayetteville, North Carolina on February 7, 2025, and returned the truck on March 8, 2025, in Fayetteville, North Carolina. He contends that U-Haul of Maple Shade somehow obtained possession of the vehicle and disposed of his property sometime between February 17 and February 21, 2025, while Plaintiff was still renting the vehicle. It is unclear to the Court that it has jurisdiction over Plaintiff's claims because Defendant's citizenship is not properly asserted. Merely listing an address, without describing the company's citizenship based on its LLC or corporate status, is insufficient.

Therefore,

IT IS HEREBY on this 14th day of May, 2025,

**ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice**; and further

**ORDERED** that Plaintiff has thirty (30) days to amend his pleadings in light of the deficiencies described in this Memorandum Opinion and Order, and if Plaintiff fails to do so, the Court will Order the Clerk of Court to close the case; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
United States District Judge